IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | BANKRUPTCY NO. 20-11810(AMC) |
| JUSTINA ROONAN | : | CHAPTER 13 |
| | : | |
| Debtor | : | HEARING SCHEDULED FOR |
| | : | MARCH 10, 2021 AT 11:00 A.M. |
| | : | UNITED STATES BANKRUPTCY COURT |
| | : | 900 MARKET STREET |
| | : | PHILADELPHIA, PENNSYLVANIA 19107 |

**MOTION OF ALLY BANK
FOR RELIEF FROM THE AUTOMATIC STAY
PURSUANT TO 11 U.S.C. §362(d) AND WAIVER OF 14 DAY
STAY OF EFFECTIVENESS OF ORDER AND FOR ABANDONMENT**

TO THE HONORABLE ASHELY M. CHAN
OF THE BANKRUPTCY COURT:

Ally Bank, by and through its attorneys, Lavin, Cedrone, Graver, Boyd & DiSipio, hereby moves the Honorable Court for an Order pursuant to 11 U.S.C. §362(a) granting Ally Bank relief from the automatic stay and in support thereof avers:

1. Ally Bank is an entity organized under the laws of Utah and registered to do business in the Commonwealth of Pennsylvania. For purposes of this action only, Ally Bank's business address is 200 West Civic Center Drive, Suite 201, Sandy, UT 84070.

2. On or about March 27, 2020, the Debtor filed a voluntary petition under Chapter 13 of Title 11 of the United States Code.

3. On or about August 13, 2018, Justina Louise Roonan (the "Debtor") executed and delivered to Colonial Nissan Inc. (the "Dealer"), a Retail Installment Sale Contract (the "Contract") in consideration of the purchase price of a 2013 Nissan Rogue, VIN: JN8AS5MV8DW654575 (the "Vehicle"). A true and correct copy of the Contract is attached hereto and incorporated herein as Exhibit "A".

4. Dealer assigned the Contract to Ally Bank whereby the Debtor became obligated to Ally Bank under the terms of the Contract. A copy of the Vehicle's Electronic Title is attached hereto and incorporated herein as Exhibit "B".

5. Under the terms of the Contract, the Debtor agreed to pay the principal sum of $19,503.15, plus finance charges calculated at an annual percentage rate of 14.34% by remitting seventy-five (75) payments in the amount of $397.56 each beginning September 27, 2018.

6. As of and including the January 27, 2021 due Contract payment, the Debtor is in post-petition arrears to Ally Bank for $3,009.17.

7. The Vehicle is listed to be paid outside the Debtor's plan.

8. The estimated value of the Vehicle is $8,550.00.

9. The net payoff under the Contract totals $18,888.04.

10. The Contract requires the Debtor to maintain verifiable insurance coverage on the Vehicle and as of the petition date, Ally Bank was unable to verify insurance for the Vehicle.

11. The Debtor has defaulted on her obligations to Ally Bank under the Contract by reason of the foregoing, Ally Bank is entitled to immediate relief from the automatic stay imposed by 11 U.S.C. §362(a) for cause, including lack of adequate protection.

12. Ally Bank respectfully requests that the foregoing property be abandoned as property of the estate in accordance with 11 U.S.C. §554 and Bankruptcy Rule 6007(b).

13. Ally Bank requests that as permitted by Bankr. R. 4001(a)(3), the courts Order become effective immediately without the 14 day stay imposed by said rule.

WHEREFORE, Ally Bank moves this Honorable Court to enter an Order:

A. Terminating the automatic stay as to Ally Bank with respect to the Vehicle;

B. Permitting Ally Bank to take such actions and seek such remedies to recover the Vehicle as are permitted by the

        Contract, the Pennsylvania Uniform Commercial Code and other applicable laws;

C. Deeming the Vehicle abandoned; and

D. Granting such other and further relief as this Court may deem just and proper.

        LAVIN, CEDRONE, GRAVER, BOYD & DiSIPIO

DATED: February 15, 2021    By: /s/ Regina Cohen
                                       Regina Cohen, Esquire
                                       Attorneys for Ally Bank